# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
SHAWNTA JONES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 08-30054

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is an unemployed 27 year old single female who is charged with receiving and possessing United States property, specifically a U.S. Government issued Master Card obtained via an assault land robbery as defined under 18 USC 2114(a) knowing same to have been unlawfully obtained in violation of 18 USC 2114(b).

CONTINUE ON PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 6, 2008 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

This defendant's criminal history is involved and is continually escalating. She was convicted in 2006 of Felony Receiving and Concealing Stolen Goods Less than $20,000 and is currently on probation with the State of Michigan. Her probation officer indicates that Defendant will be violated for incurring these charges and for failing to pay her required restitution. Defendant's criminal history demonstrates a pattern of criminal activity which involves stealing money, retail fraud, felony checks, forgery, counterfeiting. On January 24, 2008 she was charged in the 16th District Court (Livonia) of Felony Forgery of checks and placed on a $10,000 bond (there is an outstanding warrant). The current charges involve more dangerous and predatory behavior. Defendant is accused of being involved in a concert of activity with two other men who are being charged separately for preying on victims at ATM stations by following the chosen victims home, forcing the victims at gunpoint back into their cars, robbing the victims of their credit cards and/or forcing the victims drive around while the men take everything they want, and/or to return with the victims to the ATM machines to withdraw more money, dumping the victims off in a neighborhood and telling them that they can retrieve their cars a few blocks away by walking. Defendant's role is alleged to have been to scope out the ATM sites, choose a female victim, follow/shadow her male accomplice(s) in course of the following the female victim home for purposes of kidnapping and robbing the victim, and to direct the male accomplice to return the victim back to the ATM machine for the purpose of forcing more withdrawals of money from the victim's ATM machine.

In this case, the victim, Ms. Harris, is an employee of the U.S. Attorney's office in Detroit. Ms. Harris stopped off at an ATM machine at Grand River and Fenkel, and then drove home. As she attempted to enter her house, a black male wearing a hooded sweatshirt and hooded jacket approached her and told her to get back behind the wheel and to start driving. He ransacked her purse and asked her if she had withdrawn the maximum amount at the ATM. She responded that she had. He told her to keep driving, stole her Coach purse, her DOJ Mastercard, her personal Visa card, and her driver's license. He then told her to exit the car and to walk two blocks and she would find her car. Harris immediately call 911 and then hid under a car parked in the neighborhood where she was forced out of her car which was eventually recovered two blocks away.

Hours later, Defendant Jones was seen on video tapes using the stolen credit cards in a liquor store where she made a purchase at 9:23 p.m. of $104 and another purchase minutes later at the same liquor store for $125. When asked for identification, Jones produced Harris' driver's license.

At 10:33 p.m. the US Department of Justice Mastercard was used to purchase $100 worth of gasoline for Jones' car (this is on surveillance video). On video is tape of Jones using the stolen Mastercard to fill up another $100 worth of gasoline for another car, and several other cars were filled up by Jones who drove a late model Pontiac Grand Prix (it is not clear that this was Jones' car or if it was a stolen car).

Police networking resulted in Jones being positively identified as the person scoping out the ATM lot, buying the alcohol with the stolen credit card, and buying gasoline with the other stolen credit card.

Defendant presents a danger to the community at large. It appears that she is not acting alone, but is actively involved with others in a scheme by directing their activities and assisting in the joint effort to victimize women such as Ms. Harris, force them at gun point into cars for the purpose of robbing them or using the victims to retrieve money for them for their own use. Defendant is currently on probation, has a long history of criminal activity which has now escalated into allegations involving victims in addition to Ms. Harris. It appears that she has been working with her associates assaulting others and robbing them at gunpoint while on probation in State Court.

Defendant is a danger to the community. There are no conditions of bond that would assure the safety of the community. Third party custody would not be appropriate under these circumstances. Detention is therefore ordered.